UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MARKEL INSURANCE COMPANY,

    Plaintiff,

Vs.

ALTERS LAW FIRM, P.A. and JEREMY ALTERS,

    Defendants.

_____/

## COMPLAINT FOR DECLARATORY RELIEF AND RESCISSION

MARKEL INSURANCE COMPANY ("MIC"), sues Defendants, ALTERS LAW FIRM, P.A. and JEREMY ALTERS (collectively "ALTERS"), and alleges:

### Nature of the Action, Jurisdiction and Venue

1.    Pursuant to 28 U.S.C. § 2201, this is an action to declare the rights and other legal relations of the parties regarding a Lawyers Professional Liability Insurance Policy issued by MIC to ALTERS, Policy Number LA 300791 (the "Policy") and for a Final Judgment rescinding the Policy because ALTERS made material misrepresentations to MIC when ALTERS applied for the Policy.

2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

3.    Venue is proper in this judicial district because the acts giving arise to this action occurred in the Southern District of Florida, and the controversy relates to ALTERS' contention that the Policy, which was issued in the Southern District of Florida, provides liability insurance

coverage for a claim asserted against ALTERS by Alfredo Villoldo and others regarding legal services performed in the Southern District of Florida (the "Villoldo Claim")

## The Parties

4. MIC is an insurance company incorporated in the State of Illinois with its principal place of business in the State of Virginia.

5. ALTERS LAW FIRM, P.A. is a Florida professional association with its principal place of business in Florida. JEREMY ALTERS is a citizen of Florida.

## General Allegations

6. The Villoldo claim is based upon a demand letter from Villoldo's attorney alleging that ALTERS negligently provided legal services in connection with a lawsuit filed by ALTERS on behalf of Villoldo against the government of Cuba and others (the "Underlying Case"). The Underlying Case was an action based upon the Foreign Sovereign Immunities Act ("FSIA"). Villoldo sought damages against Cuba, Fidel Castro, and others arising from allegedly tortious conduct of the defendants which caused injury and loss to Villoldo.

7. ALTERS filed the Underlying Case on behalf of Villoldo on March 18, 2008 in Miami-Dade County Circuit Court. On May 29, 2009, a final judgment was entered in the Underlying Case in favor of Villoldo for approximately $1.4 billion.

8. On January 22, 2010, pursuant to the provisions of FSIA, ALTERS filed suit for Villoldo against Cuba and Castro in the United States District Court for the Southern District of Florida, seeking to enforce the judgment entered in the state court.

9. On July 8, 2010, the United States District Court entered an order directing ALTERS, on behalf of Villoldo, to demonstrate that the court had jurisdiction under FSIA. ALTERS knew that the state court judgment was not valid and that the requirements of the order

could not be satisfied. Accordingly, ALTERS filed a notice of voluntary dismissal of Villoldo's federal court suit.

10. The Villoldo claim asserts that ALTERS negligently prosecuted the Underlying Suit and that Villoldo was damaged because Villoldo could not recover under the judgment and that other claimants were able to obtain a recovery, thus, depleting the assets of Cuba that were subject to execution.

11. MIC issued a claims made and reported Lawyers Professional Liability Policy (the "Policy") to ALTERS for the policy period beginning August 23, 2013 and ending August 23, 2014. The Policy is attached as EXHIBIT 1. The Policy provides a $5 million limit of liability for each claim, and in the aggregate, and provides for a $10,000 deductible.

12. ALTERS contends that the Policy provides coverage for the Villoldo Claim. MIC denies that the Policy provides coverage to ALTERS. The dispute between ALTERS and MIC relating to MIC's alleged obligation to defend and indemnify ALTERS for the Villoldo Claim is a real, bona fide and present controversy within the jurisdiction of this Court. MIC seeks a final judgment declaring the rights and other legal relations of the parties arising from ALTERS' contention that the Policy provides coverage for the Villoldo Claim and MIC's denial of ALTERS' contentions.

13. As of the date of this lawsuit, the Villoldo claim has been asserted only by letter -- no lawsuit has been filed against ALTERS. Nevertheless, the Villoldo claim has triggered a bona fide present controversy between MIC and ALTERS pertaining to MIC's obligation, if any, to provide coverage to ALTERS. Moreover, MIC's investigation of the Villoldo claim has revealed facts that demonstrate that ALTERS made material misrepresentations in applying for the MIC policy such that MIC is entitled to a judgment of rescission.

**The MIC Policy**

14. Key provisions of the MIC Policy include the following:

SECTION I - COVERAGE

The Company will pay on behalf of the **Insured** all sums which the **Insured** shall become legally obligated to pay as **Damages** for **Claims** first made against the **Insured** during the **Policy Period** and first reported to the Company during the **Policy Period** or any applicable extended reporting period, arising out of any act, error, omission or **Personal Injury** in the rendering of or failure to render **Professional Services** by an **Insured** or any entity or individual for whom the **Named Insured** is legally liable; provided always that such act, error, omission or **Personal Injury** happens:

**A**.    during the **Policy Period;** or

**B.**    prior to the **Policy Period** provided that:

1.    such act, error, omission or **Personal Injury** happened on or after the **Retroactive Date** as indicated on the Declarations Page of this policy; and   (Policy page 1)

2.    at the inception date of the first Lawyers Professional Liability Policy issued by this Company to the **Named Insured** or its **Predecessor in Business** and continuously renewed and maintained in effect to the inception of this **Policy Period**, no **Insured** had a reasonable basis to believe that any **Insured** had breached a professional duty or a reasonable basis to believe an act, error, omission or **Personal Injury** might be expected to result in a **Claim** or **Suit**.   (Policy Endorsement 5)

\* \* \*

The Company shall have the right and duty to defend any **Suit** against the **Insured** seeking **Damages** to which this insurance applies even if any of the allegations of the **Suit** are groundless, false or fraudulent However, the Company shall have no duty to defend the **Insured** against any **Suit** seeking **Damages** to which this insurance does not apply. For covered **Claims**, the Company, at its option, shall select and assign defense counsel; however, the **Insured** may engage additional counsel, solely at their own expense, to associate in the defense of any covered **Claim**. The **Insured** shall not assume any liability, any obligations, incur any costs, charges, or expenses or enter into any settlement without the Company's written consent.   (Policy page 1)

\* \* \*

## General Conditions

### F.  Other Insurance

If there is other valid insurance (whether primary, excess, contingent or qualified self-insurance, including Extended Reporting Period coverage in the **Insured's** previous insurance) which may apply to a **Claim** covered by this policy, the insurance provided hereunder shall be deemed excess insurance over and above the applicable limit of all other insurance or qualified self-insurance.

When this insurance is excess, the Company shall have no duty under this policy to defend any **Claim** or **Suit** that any other insurer or qualified self-insurer has a duty to defend. If such other insurer or self-insurer refuses to defend such **Claim** or **Suit**, the Company shall be entitled to the **Insured's** rights against all other insurers or qualified self-insurers for any **Claims Expenses** and **Damages** incurred by the Company.

If a loss occurs involving two or more policies, each of which provides that its insurance shall be excess, each will contribute pro rata.  (Policy page 8)

\* \* \*

### M.     Declarations and Application

By acceptance of this policy, all **Insureds** agree that the statements in the application are the **Insureds'** agreements and representations, that they shall be deemed material, that this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between the **Insureds** and the Company relating to this insurance. The application, which is deemed attached, forms part of and is incorporated within the policy issued to the **Insured**.  (Policy page 9)

### N.     Reimbursement

While the Company has no duty to do so, if the Company pays **Damages** or **Claims Expenses**:

1. Within the amount of the applicable Deductible; or
2. In excess of the applicable Limit of Liability; or
3. Under a reservation of rights to seek reimbursement,

and it is determined that the Company is entitled to reimbursement, all **Insureds** shall be jointly and severally liable to the Company for such amounts. Upon written demand, the **Insured** shall repay such amounts to the Company within thirty (30) days. Failure to pay any amount indicated may lead to policy termination.  (Policy page 9)

5

Words in bold font are as set forth in the policy.

15. The Policy does not provide coverage to ALTERS for the Villoldo Claim because:

   A. The Policy's insuring clause establishes that coverage will be implicated for claims made during the policy period provided that "at the inception date" of the MIC Policy (August 23, 2013) no Insured had a reasonable basis to believe that any Insured had breached a professional duty or a reasonable basis to believe an act, error or omission … might be expected to result in a claim or Suit."

   B. ALTERS had a reasonable basis before August 23, 2013 to believe that ALTERS breached a professional duty to Villoldo and a reasonable basis to believe that ALTERS' errors in representing Villoldo might be expected to result in a claim or suit.

   C. The Policy provides that it is a condition of coverage that "all Insureds agree that the statements in the application are the Insureds' agreements and representations, that they shall be deemed material, and that this Policy is issued in reliance upon the truth of such representations …" (Policy page 9)

   D. On July 31, 2013, ALTERS submitted an application for the MIC Policy which contained material misrepresentations. For example, but not limitation, the application asked ALTERS to state "how many suits for collection of fee" have been filed against clients in the last two years? ALTERS denied that any suits for collections had been filed against clients. However, on September 12, 2011, ALTERS filed a charging lien

    seeking fees from Villoldo, within two years before the application was signed.

 E. In completing the application ALTERS represented that ALTERS made a comprehensive internal inquiry and investigation to determine whether any one in the ALTERS firm was aware of any actual or alleged fact, circumstance, situation, act, error or omission which may reasonably be expected to result in a claim and has fully and completely divulged any and all such situations in the application.

 F. The application also required ALTERS to disclose whether any ALTERS firm member knew of any circumstance that could result in a professional liability claim. ALTERS answered "No" to this application question. However, before completing the application, ALTERS knew that Villoldo had previously asserted that ALTERS' legal work was of no value and that Villoldo contended that the judgment obtained by ALTERS against the nation of Cuba and others was not valid and that Villoldo claimed damages because other parties had made a recovery but Villoldo could not.

## COUNT I
## DECLARATORY JUDGMENT

16. MIC realleges Paragraphs 1 through 15 as if fully set forth herein.

17. There is a bona fide present dispute between ALTERS and MIC pertaining to whether the Policy provides coverage to ALTERS for the Villoldo Claim.

18. ALTERS contends that the Policy provides coverage to ALTERS for the Villoldo Claim.

7

29114096v1

19. MIC contends that the Policy does not provide coverage to ALTERS because:

   A. The Policy's insuring clause is not triggered because, at the Policy's inception date, ALTERS had a reasonable basis to believe that ALTERS had breached a professional duty or a reasonable basis to believe that there was an act, error or omission that might be expected to result in a claim.

   B. ALTERS made misrepresentations in the application for the MIC policy that were material to MIC's acceptance of the risk or to the hazard assumed and, if the true facts had been known to MIC, MIC would not have issued the Policy, or would not have issued it at the same premium rate, or would not have issued the Policy in the same amount of would not have provided coverage with respect to the Villoldo Claim.

   C. As a result of ALTERS material misrepresentations, omissions, concealments or statements, there can be no recovery under the Policy pursuant to §627.409 Florida Statutes.

WHEREFORE, MIC demands judgment declaring that the Policy does not provide coverage to ALTERS for the Villoldo Claim.

## COUNT II
## RESCISSION

20. MIC realleges Plaintiffs 1 through 15 and 17 through 19.

21. This is an action to rescind the Policy pursuant to §627.409 Florida Statutes.

22. ALTERS submitted an application to MIC to induce MIC to issue a Lawyers Professional Liability Policy.

29114096v1

23. ALTERS made misrepresentations in the application that were material to MIC's acceptance of the risk in issuing the Policy.

24. ALTERS' misrepresentations include, but are not limited to:

A. ALTERS' denial that ALTERS had sued clients to collect fees when ALTERS, in fact, had filed a charging lien to recover fees from Villoldo for representing Villoldo.

B. ALTERS represented that ALTERS was not aware of any actual or alleged fact which may reasonably be expected to result in a claim when, ALTERS, in fact, knew that Villoldo asserted that ALTERS' legal services in the Underlying Case were of no value and that Villoldo asserted that the judgment obtained by ALTERS was not valid. Moreover, ALTERS knew, but did not disclose, that Villoldo's lawyer had written ALTERS that, "In this context, your charging lien must now be addressed. I need to dismiss two options to avoid a full fight over the consequences of the failures (and the delay in the entry of the judgment which has cost several million dollars in frozen assets, that were collected either by Vera or Hausler on their Cuba Judgments."

C. ALTERS misrepresentations were material to MIC's acceptance of the risk in issuing the Policy.

25. If the true facts had been known to MIC, it would not have issued the Policy, or would not have charged the same premium, or would not have issued the Policy in the same coverage amount or would have issued a policy with an exception for the Villoldo Claim.

26. Upon the Court's acceptance of jurisdiction in this action, MIC will tender the policy premium to the registry of the Court or to ALTERS, or return the premium in the manner directed by the Court.

27. MIC is entitled to a judgment declaring that the Policy is rescinded *ab initio* and that the Policy does not provide coverage to ALTERS for the Villoldo Claim or any other claim.

WHEREFORE, MIC demands judgment rescinding the Policy.

Respectfully submitted,

CARLTON FIELDS JORDEN BURT, P.A
Attorneys for Plaintiff
MARKEL INSURANCE COMPANY
100 S.E. Second Street, Suite 4200
Miami, FL  33131
Telephone:  (305) 530-0050
Facsimile:  (305) 530-0055


By:   *s/Jeffrey Michael Cohen*
          Jeffrey Michael Cohen
          Florida Bar No. 091495
          Email: jmcohen@cfjblaw.com

29114096v1