

### Markel Insurance Company

("A Stock Company")

Ten Parkway North
Deerfield, IL 60015

## Lawyers Professional Liability Declarations

**This is a claims made and reported policy.**

**Please read this policy and all endorsements and attachments carefully.**

THE POLICY IS LIMITED TO LIABILITY FOR ONLY THOSE CLAIMS THAT ARE FIRST MADE AGAINST THE INSURED AND REPORTED TO THE COMPANY DURING THE POLICY PERIOD OR AUTOMATIC EXTENDED REPORTING PERIOD, UNLESS, AND TO THE EXTENT, THE EXTENDED REPORTING PERIOD OPTION APPLIES.

|  |  |  |  |  |
|---|---|---|---|---|
| | **Policy Number:** | LA-300 791 | **Renewal of Policy:** | NEW |
| 1. | **NAMED INSURED:** | Alters Law Firm, PA | | |
| | **MAILING ADDRESS:** | 4141 NW 2 Ave - Suite 201<br>Miami, FL 33137 | | |
| 2. | **POLICY PERIOD:** | From             23-Aug-2013      to             23-Aug-2014 | | |

at 12:01 A.M. Standard Time at the Named insured's mailing address shown above.

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THE POLICY.

### Coverages and Deductible

| | | | |
|---|---|---|---|
| 3. | **LIMIT OF LIABILITY:** | Each Claim | $5,000,000 |
| | | Aggregate | $5,000,000 |
| 4. | **DEDUCTIBLE** | $10,000 | |
| 5 | **ANNUAL PREMIUM:** | $51,794.00 | |
| | **FHCF** | $673.32 | |
| | Total Premium | $52,467.32 | |

6. **RETROACTIVE DATE:**      Aug 23, 2007

If a date is indicated, this insurance will not apply to any act, error, omission or **Personal Injury** which occurred before such date.

7    Forms and Endorsements applying to this Coverage Part and made part of this policy at the time of issue:

| | | | |
|---|---|---|---|
| MLP 0001 06 11 | MEIL 5409 09 10 MLP 1400-FL 04 12 | | PW 1 PW 2 |
| | MLP 1201 02 11 - CW | MLP 0001 (TOC) 0611 | PW 3 PW 4 |
| MLP 1210 07 12 | MLP 1209 07 12 | | PW 5 PW 6 |
| | | | PW 7 PW 8 |
| MLP 1301 02 11 | | | |
| MLP 1302 02 11 | | | |

8    Report Claims by fax, registered mail or e mail to:

Claims Service Center:  Markel Service Inc; Ten Parkway North,  Deerfield, Illinois 60015

Fax: (847) 572-6338          E-mail: newclaims@markelcorp.com

These Declarations, together with the Common Policy Conditions and Coverage Form(s) and any Endorsement(s), complete the above numbered Policy.

**Producer Name:**

**The Plus Companies, Inc.,  520 US Highway 22,  Bridgewater, NJ 08807**

**Markel Producer # 210092**

_____                    08/29/2013
Authorized Representative                             Date

MDLP 1000 02 11

**MARKEL INSURANCE COMPANY**
**LAWYERS PROFESSIONAL LIABILITY INSURANCE POLICY**

**TABLE OF CONTENTS**

| SECTION | SUBSECTION | PAGE |
|---|---|---|
| I. | INSURING AGREEMENTS.............................................................................. | 1 - 2 |
| II. | PERSONS INSURED......................................................................... | 2 |
| III. | LIMIT OF LIABILITY AND DEDUCTIBLE......................................... | 2 - 3 |
| IV. | POLICY PERIOD, TERRITORY........................................................ | 3 |
| V. | WHEN TO REPORT A CLAIM.......................................................... | 3 |
| VI. | EXCLUSIONS................................................................................. | 3 - 4 |
| VII. | DEFINITIONS................................................................................ | 4 - 6 |

A. Alternate Dispute Resolution
B. Bodily Injury
C. Claim
D. Claims Expenses
E. Damages
F. Insured
G. Named Insured
H. Personal Injury
I. Policy Period
J. Predecessor in Business
K. Professional Services
L. Retroactive Date
M. Successor in Business
N. Suit

| VIII. | AUTOMATIC EXTENDED REPORTING and EXTENDED REPORTING OPTIONS........................................... | 6 - 7 |
| IX. | GENERAL CONDITIONS.................................................................. | 7 - 9 |

A. Premium
B. Assistance and Cooperation of Insured
C. Assignment
D. Legal Action Against The Company
E. Conformity to Statute
F. Other Insurance

**MARKEL INSURANCE COMPANY**
**LAWYERS PROFESSIONAL LIABILITY INSURANCE POLICY**

**TABLE OF CONTENTS**

<u>SECTION</u>                                    <u>SUBSECTION</u>                                    <u>PAGE</u>

  G. Subrogation
  H. Cancellation
  I. Nonrenewal
  J. Changes
  K. Bankruptcy or Insolvency of Insured
  L. Deductible
  M. Declarations and Application
  N. Reimbursement
  O. Notice

 **MARKEL INSURANCE COMPANY**

## Endorsement

| | |
|---|---|
| Named Insured:  **Alters Law Firm, P.A.** | Attached to and forming<br>a part of Policy No.:  **LA-300791**<br>Endorsement No.:   **1**<br>Effective Date of Endorsement:  **08/23/2013** |

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## DAMAGES ONLY DEDUCTIBLE

This endorsement modifies insurance provided under the following:

LAWYERS PROFESSIONAL LIABILITY INSURANCE COVERAGE FORM

In consideration of the premium paid, it is hereby understood and agreed that the policy is amended as follows:

**A.** The last sentence of **SECTION III. – LIMIT OF LIABILITY AND DEDUCTIBLE A.** is deleted and replaced by the following:

The Company's liability for **Damages** resulting from "each **Claim**" is in excess of the Deductible amount stated on the Declarations Page.

**B.** The first sentence of **SECTION III. – LIMIT OF LIABILITY AND DEDUCTIBLE B.** is deleted and replaced by the following:

**B.** The total amount of **Damages** for which the **Insured** will be responsible as respects each **Claim** first made during the **Policy Period** shall be the Deductible amount stated in Item 4. of the Declarations Page.

**C.** **SECTION IX. – GENERAL CONDITIONS L., Deductible,** is deleted in its entirety and replaced by the following language:

**L.** **Deductible**
The **Insured's** obligation to pay the Deductible amount as a result of any single **Claim** shall not exceed the amount stated on the Declarations Page as Deductible for "each **Claim**". The Company's obligation to pay **Damages** on behalf of the **Insured** resulting from a **Claim** is in excess of the Deductible amount stated as "each **Claim**" on the Declarations Page.

All other terms and conditions remain unchanged.

MLP 1210 07 12

 **MARKEL INSURANCE COMPANY**

## Endorsement

Named Insured: **Alters Law Firm, P.A.**

Attached to and forming
a part of Policy No.: **LA-300791**
Endorsement No.:   **2**
Effective Date of Endorsement: **08/23/2013**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## CLAIMS EXPENSES IN ADDITION TO LIMIT OF LIABILITY

This endorsement modifies insurance provided under the following:

LAWYERS PROFESSIONAL LIABILITY INSURANCE COVERAGE FORM

The policy is amended as follows:

A.   The last two paragraphs of **SECTION I – COVERAGE** are deleted and replaced by the following:

**Claims Expenses** shall be in addition to the Limit of Liability specified in Item 3. of the Declarations Page.

In no event shall the Company be obligated to pay **Damages** or **Claims Expenses** or to defend, or continue to defend, any **Suit** after the applicable limit of the Company's liability has been exhausted by payments of **Damages**.

B.   The first two paragraphs of **SECTION III – LIMIT OF LIABILITY AND DEDUCTIBLE A.** are deleted and replaced by the following:

A.   The Limit of Liability stated on the Declarations Page as applicable to "each **Claim**" is the limit of the Company's liability for all **Damages** for each **Claim** covered. All **Claims** arising from the same or related acts, errors or omissions or **Personal Injury** shall be considered a single **Claim** for the purpose of this insurance and shall be subject to the same Limit of Liability, with all such **Claims** to be considered as first made at the earliest of the date the first **Claim** was made or the date the act, error, or omission or **Personal Injury** was first reported to the Company.

The Limit of Liability stated on the Declarations Page as "aggregate" is, subject to the above provision respecting "each **Claim**," the total limit of the Company's liability under this policy for all **Damages**.

All other terms and conditions remain unchanged.

MLP 1209 07 12



# Markel Insurance Company

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## GENERAL CHANGES ENDORSEMENT

This endorsement modifies insurance provided under the following:

LAWYERS PROFESSIONAL LIABILITY INSURANCE COVERAGE FORM

| Named Insured Alters Law Firm, P.A. | | | Endorsement Number 3 |
|---|---|---|---|
| Policy Symbol N/A | Policy Number LA-300791 | Policy Period 08/23/2013   to   08/23/2014 | Effective Date of Endorsement 08/23/2013 |
| Issued By (Name of Insurance Company) **Markel Insurance Company** | | | |

This policy is amended where indicated by an ☒ below.

| | |
|---|---|
| ☐ **Additional Insured:** | The inclusion of these additional insureds shall not operate to increase the limits of insurance afforded by this policy.<br><br>An additional insured is **added** per the attached form ___.<br><br>The following additional insured is **deleted**: |
| ☐ **Deductible:** | The deductible is amended as follows ___. |
| ☐ **Retroactive Date:** | The Retroactive Date shown on the Declarations is amended as follows ___. |
| ☐ **Effective Date:** | The policy effective date is amended as follows ___. |
| ☐ **Expiration Date:** | The policy expiration date is amended to read ___. |
| ☒ **Forms:** | The following form(s) are **added** to the policy:<br>ANNUAL AGGREGATE DEDUCTIBLE<br>CONTINUITY OF COVERAGE<br>SUPPLEMENTARY PAYMENTS<br>AMENDMENT TO EXCLUSION H.<br>UNLIMITED EXTENDED REPORTING PERIOD OPTION<br>WAIVER OF EXCLUSION AND BREACH OF NOTIFICATION OR REPORTING REQUIREMENTS<br>LIBERALIZATION<br>NONPRACTICING EXTENDED REPORTING PERIOD |

MLP 1201 02 11-CW                                            **Page 1 of 2**

The following form(s) are **deleted** from the policy:
NONE

**☐ Mailing Address:**   The mailing address is amended as follows:

**☐ Name of Insured:**   The Named Insured is amended as follows:

**☐ Premium:**   The premium shown on ___ (form number/declarations page/other) is amended as follows:

**☐ Limits:**   The limit of liability shown in Section 3. of the Declarations is replaced by the following:

| Limit of Liability | Limit |
|---|---|
| | $ |
| | $ |
| | $ |
| | $ |

These limits of liability replace, and are not in addition to, the Limits of Liability afforded by this policy.

**Details Section: (This section describes changes that are applicable to the selections above)**

All other terms and conditions of this policy remain unchanged.

| | |
|---|---|
| **Total Additional Premium:** | $ |
| **Total Return Premium:** | $ |
| | $ |

Authorized Representative



# Markel Insurance Company

## Endorsement

Named Insured: **Alters Law Firm, P.A.**

Attached to and forming
a part of Policy No.: **LA-300791**
Endorsement No.:   **4**
Effective Date of Endorsement:
**08/23/2013**

THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY.

## ANNUAL AGGREGATE DEDUCTIBLE

This endorsement modifies insurance provided under the following:

**LAWYERS PROFESSIONAL LIABILITY INSURANCE POLICY.**

In consideration of the premium paid, it is hereby understood and agreed that the policy is amended as follows:

**SECTION III B.** is deleted and replaced by the following:

B.   The total amount of **Damages** or **Claim Expenses** for which the **Insured** will be responsible as respects all **Claims** first made during any one **Policy Period** shall not exceed the Deductible amount stated in Item 4. of the Declarations Page.

Once the **Named Insured** has paid the Deductible amount stated in Item 4. of the Declarations Page, the **Named Insured** does not have to pay any further amount as a Deductible regardless of how many **Claims** are reported under this policy.

The **Named Insured** shall remit the Deductible within ten (10) days of the Company's written demand.  Failure of the **Named Insured** to remit the Deductible upon receipt of such demand shall disqualify the **Named Insured** from being able to exercise the option to purchase an Extended Reporting Period endorsement.

All other provisions of the policy shall apply and remain unchanged.

PW-1



## Markel Insurance Company

## Endorsement

| | |
|---|---|
| Named Insured: **Alters Law Firm, P.A.** | Attached to and forming<br>a part of Policy No.: **LA-300791**<br>Endorsement No.:   **5**<br>Effective Date of Endorsement:<br>**08/23/2013** |

THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY.

## CONTINUITY OF COVERAGE

This endorsement modifies insurance provided under the following:

**LAWYERS PROFESSIONAL LIABILITY INSURANCE POLICY.**

In consideration of the premium paid, it is hereby understood and agreed that the policy is amended as follows:

     **SECTION I – COVERAGE**, subsection B.2 is deleted and replaced with the following:

    2.  at the inception date of the first Lawyers Professional Liability Policy issued by this Company to the **Named Insured** or its **Predecessor in Business** and continuously renewed and maintained in effect to the inception of this **Policy Period**, no **Insured** had a reasonable basis to believe that any **Insured** had breached a professional duty or a reasonable basis to believe an act, error, omission or **Personal Injury** might be expected to result in a **Claim** or **Suit**.

All other provisions of the policy shall apply and remain unchanged.

PW-2



## Markel Insurance Company

## Endorsement

Named Insured: **Alters Law Firm, P.A.**

Attached to and forming
a part of Policy No.: **LA-300791**
Endorsement No.:   **6**
Effective Date of Endorsement:
**08/23/2013**

THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY.

## SUPPLEMENTARY PAYMENTS

This endorsement modifies insurance provided under the following:

**LAWYERS PROFESSIONAL LIABILITY INSURANCE POLICY.**

In consideration of the premium paid, it is hereby understood and agreed that the policy is amended as follows:

**SECTION I – COVERAGE** is amended by the addition of the following:

The Company will pay, in addition to the applicable Limits of Liability and without applying any Deductible:

A.  Up to $500 for loss of earnings to each individual **Insured** for each day or part of a day of such **Insured's** attendance at the Company's written request at a trial, hearing or arbitration proceeding involving a **Suit** against such **Insured** for covered **Damages**, but the amount so payable for any one or series of trials, hearings or arbitration proceedings shall in no event exceed $5,000 per **Policy Period** for all **Insureds**; and

B.  Up to $10,000 per **Policy Period** for attorney fees, and other costs, expenses or fees resulting from the investigation or defense of a proceeding before a state licensing board, local disciplinary board, self-regulatory agency, ethics commission or governmental regulatory body incurred as the result of a notice of a proceeding, first initiated against the **Insured** during the **Policy Period** and reported to the Company during the **Policy Period,** that arise out of any act, error, omission or **Personal Injury** which happened on or after the **Retroactive Date** and arise out of the rendering of or failure to render **Professional Services** by an **Insured** covered under this policy.

C.  Up to $5,000 in the aggregate for awards under Rule 11 of the Federal Rules of Civil Procedure.

All other provisions of the policy shall apply and remain unchanged.

PW-3

 **Markel Insurance Company**

## Endorsement

| Named Insured: **Alters Law Firm, P.A.** | Attached to and forming<br>a part of Policy No.: **LA-300791**<br>Endorsement No.:   **7**<br>Effective Date of Endorsement:<br>**08/23/2013** |

THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY.

### AMENDMENT TO EXCLUSION H.

This endorsement modifies insurance provided under the following:

**LAWYERS PROFESSIONAL LIABILITY INSURANCE POLICY.**

In consideration of the premium paid, it is hereby understood and agreed that the policy is amended as follows:

SECTION VI – EXCLUSIONS H. is deleted and replaced by the following:

H.   Made by an **Insured** against any other **Insured**, unless such **Claim** arises solely out of **Professional Services** performed for an **Insured** by another **Insured** in a lawyer client relationship;

All other provisions of the policy shall apply and remain unchanged.

PW-4

 Markel Insurance Company

## Endorsement

| Named Insured: **Alters Law Firm, P.A.** | Attached to and forming<br>a part of Policy No.: **LA-300791**<br>Endorsement No.:   **8**<br>Effective Date of Endorsement:<br>**08/23/2013** |

THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY.

## UNLIMITED EXTENDED REPORTING PERIOD OPTION

This endorsement modifies insurance provided under the following:

**LAWYERS PROFESSIONAL LIABILITY INSURANCE POLICY.**

In consideration of the premium paid, it is hereby understood and agreed that the policy is amended by the addition of Item 6 to **SECTION VIII** B. Extended Reporting Period Option:

    6. 300% of the full annual premium for this policy, to an unlimited period.

All other provisions of the policy shall apply and remain unchanged.

PW-5

 **Markel Insurance Company**

## Endorsement

| | |
|---|---|
| Named Insured: **Alters Law Firm, P.A.** | Attached to and forming a part of Policy No.: **LA-300791** Endorsement No.: **9** Effective Date of Endorsement: **08/23/2013** |

THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY.

## WAIVER OF EXCLUSION AND BREACH OF NOTIFICATION OR REPORTING REQUIREMENTS

This endorsement modifies insurance provided under the following:

**LAWYERS PROFESSIONAL LIABILITY INSURANCE POLICY.**

In consideration of the premium paid, it is hereby understood and agreed that the policy is amended by the addition of the following additional condition to **SECTION IX – GENERAL CONDITIONS**:

Whenever coverage under any provision of this policy would be excluded, suspended or lost:

1. because of **EXCLUSION A;** or
2. because of noncompliance with **SECTION V – WHEN TO REPORT A CLAIM** or **SECTION IX – O. NOTICE**, by any **Insured** whose failure to give notice to the Company was due to (1) the concealment by another **Insured** of the acts, errors, omissions or **Personal Injuries** which gave rise to a **Claim**; and (2) the failure of that other **Insured** to give notice to the Company;

then the Company agrees that such insurance as would otherwise be afforded under this policy shall not be excluded, suspended or lost with respect to any **Insured** who did not personally commit, participate or acquiesce in one or more of the acts or omissions by another **Insured** triggering the application of **EXCLUSION A;** or who, with respect to **SECTION V – WHEN TO REPORT A CLAIM** or **SECTION IX – O. NOTICE**, did not personally fail to comply, or did not remain passive after learning of another **Insured's** failure to comply with such Condition, and did comply with such Condition promptly after obtaining knowledge of the failure of any other **Insured** to comply therewith.

All other provisions of the policy shall apply and remain unchanged.

PW-6



## Markel Insurance Company

**Endorsement**

Named Insured: **Alters Law Firm, P.A.**

Attached to and forming
a part of Policy No.: **LA-300791**
Endorsement No.:    **10**
Effective Date of Endorsement:
**08/23/2013**

THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY.

## LIBERALIZATION

This endorsement modifies insurance provided under the following:

**LAWYERS PROFESSIONAL LIABILITY INSURANCE POLICY.**

In consideration of the premium paid, it is hereby understood and agreed that the policy is amended by the addition of the following additional condition to **SECTION IX – GENERAL CONDITIONS**:

If the Company adopts any revision to this standard policy wording that would broaden the coverage under this policy without additional premium at any time during the **Policy Period**, the broadened coverage will immediately apply to this policy, without any effect on the other terms and conditions, such as the **Limits of Liability**.

All other provisions of the policy shall apply and remain unchanged.

PW-7



## Markel Insurance Company

## Endorsement

Named Insured: **Alters Law Firm, P.A.**

Attached to and forming
a part of Policy No.: **LA-300791**
Endorsement No.:   **11**
Effective Date of Endorsement:
**08/23/2013**

THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY.

### NONPRACTICING EXTENDED REPORTING PERIOD

This endorsement modifies insurance provided under the following:

**LAWYERS PROFESSIONAL LIABILITY INSURANCE POLICY.**

In consideration of the premium paid, it is hereby understood and agreed that the policy is amended by the addition of Item E. to **SECTION VIII – AUTOMATIC EXTENDED REPORTING AND EXTENDED REPORTING OPTIONS:**

   E. **Nonpracticing Extended Reporting Period**

     1. Eligibility:

       a) The provisions of this subsection entitled "Nonpracticing Extended Reporting Period" apply to any lawyer employed by the **Named Insured** (hereinafter referred to as "**you**" or "**your**") who falls within the definition of "**Insured**" set forth in **SECTION II** Item **C.**, but not to such lawyers acting as "of counsel", as independent contractors, or lawyers contracting on a *per diem* basis.

       b) If **you** retire or otherwise cease the private practice of law during the **Policy Period**, then **you** have the option to extend the insurance afforded by this policy subject otherwise to its terms, limits of liability, exclusions and conditions. Such extension (hereinafter, "**Nonpracticing Extended Reporting Period**") shall apply to **Claims** first made against **you** during the period of months as purchased immediately following the effective date of such retirement or cessation of private practice, or the effective date of this policy's cancellation, if sooner (hereinafter, "**Effective Date**"), but only for any act, error, omission or **Personal Injury** committed by **you** before such **Effective Date** and otherwise covered by this insurance, provided there is no other insurance in effect on or after such **Effective Date** which covers **you** for such liability or **Claim**.

     2. A specific **Nonpracticing Extended Reporting Period** must be purchased by **you**.   For each of **you** purchasing the **Nonpracticing Extended Reporting Period**, the premium is:

       a) 100% of the full annual premium for this policy, for a period of twelve (12) months; or
         150% of the full annual premium for this policy, for a period of twenty-four (24) months; or
         185% of the full annual premium for this policy, for a period of thirty-six (36) months; or
         210% of the full annual premium for this policy, for a period of forty-eight (48) months; or
         225% of the full annual premium for this policy, for a period of sixty (60) months; or
         300% of the full annual premium for this policy, for an unlimited period;
         modified by the number of **you** purchasing the **Nonpracticing Extended Reporting Period** divided by the total number of attorneys in the **Named Insured**.

PW-8

    b) The Company will waive the premium for any **Nonpracticing Extended Reporting Period** if **you**:
       1.  die, except by suicide; or
       2.  become totally and permanently disabled; or
       3.  retire or otherwise cease the private practice of law;
      during the **Policy Period** and have been insured by the Company under a Lawyers' Professional Liability Policy continuously for the last three (3) full years.

    c) The deductible amount and deductible provisions of this policy will be waived with respect to **Claims** first made against **you** during the **Nonpracticing Extended Reporting Period**, if purchased by **you**.

  3. **Nonpracticing Extended Reporting Period** Limits of Liability

    a) The limits of liability applicable to any and all **Nonpracticing Extended Reporting Periods** provided under the policy will be part of and not in addition to the limits of liability stated in the Declarations. The purchase of any **Nonpracticing Extended Reporting Periods** will not increase the limits of liability stated in the Declarations, which shall be the Company's maximum liability for the **Policy Period** and all **Nonpracticing Extended Reporting Periods** combined regardless of the number of **Nonpracticing Extended Reporting Periods** purchased.

    b) If other insurance exists which covers **Claims** first made during the **Nonpracticing Extended Reporting Period**, the coverage provided under this policy for the **Nonpracticing Extended Reporting Period** will not apply.

  4. Purchasing the **Nonpracticing Extended Reporting Period**

    a) As a condition precedent to **your** right to purchase the **Nonpracticing Extended Reporting Period**, any and all premium and deductibles that are due must have been paid and **you** must have complied with all other terms and conditions of this policy.

    b) The **Nonpracticing Extended Reporting Period** will not be available if **you** are disbarred, suspended or resign in lieu of suspension in any state or court where **you** have a license or have a right to practice.

    c) **Your** right to purchase the **Nonpracticing Extended Reporting Period** must be exercised by notice in writing to the Company not later than thirty (30) days after the effective date of **your** retirement or cessation of private practice, or not later than the effective date of this policy's cancellation, if sooner, even if the Company has waived the premium pursuant to Item E.2.b) above. Such notice must indicate the date of **your** retirement or cessation of private practice and must include payment of the entire premium, if any, for such **Nonpracticing Extended Reporting Period**. **You** may not change the option purchased once that has been purchased. At the commencement of any **Nonpracticing Extended Reporting Period you** purchase, the entire premium shall be deemed earned and the Company shall not be liable to return to the **Insured** any portion of the premium for any **Nonpracticing Extended Reporting Period**.



**PROFESSIONAL LIABILITY**
POLICY NUMBER: **LA-300791**

# Markel Insurance Company

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## EXCLUSION – SPECIFIED ENTITY/PERSON

This endorsement modifies insurance provided under the following:

LAWYERS PROFESSIONAL LIABILITY INSURANCE COVERAGE FORM

The following exclusion is added to SECTION VI – EXCLUSIONS:

Arising from any act, error, omission or **Personal Injury** committed in performing, or failing to perform, **Professional Services** for or on behalf of any of the entities or persons shown in the Schedule below.

### SCHEDULE

| Specified Entity(ies) or Person(s) |
| --- |
| Morelli Alters Ratner PA of Miami |
| Morelli Alters Ratner PA of NY |
|  |
|  |

All other terms and conditions remain unchanged.

MLP 1301 02 11

Page 1 of 1



**PROFESSIONAL LIABILITY**
POLICY NUMBER: **LA-300791**

# Markel Insurance Company

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## EXCLUSION – SPECIFIC CLAIM(S)

This endorsement modifies insurance provided under the following:

LAWYERS PROFESSIONAL LIABILITY INSURANCE COVERAGE FORM

The following exclusion is added to SECTION VI – EXCLUSIONS:

Based upon, arising from, or relating to the **Claim(s)** arising from any actual or alleged improper transfer of funds from the Insured's trust accounts.

All other terms and conditions remain unchanged.



**PROFESSIONAL LIABILITY**
**POLICY NUMBER: LA-300791**

# MARKEL INSURANCE COMPANY

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT
### (BROAD FORM)

It is agreed that:

1.  This policy does not apply:

    **A.**  Under any Liability Coverage, to bodily injury or property damage

        **(1)**  with respect to which an Insured under this policy is also an Insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an Insured under any such policy but for its termination upon exhaustion of its limit of liability; or

        **(2)**  resulting from the hazardous properties of nuclear material and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the Insured is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

    **B.**  Under any Medical Payments Coverage, or any Supplementary Payments provision relating to first aid, to expenses incurred with respect to bodily injury resulting from the hazardous properties of nuclear material and arising out of the operation of a nuclear facility by any person or organization.

    **C.**  Under any Liability Coverage, to bodily injury or property damage resulting from the hazardous properties of nuclear material, if

        **(1)**  the nuclear material (a) is at any nuclear facility owned by, or operated by or on behalf of, an Insured or (b) has been discharged or dispersed therefrom;

        **(2)**  the nuclear material is contained in spent fuel or waste at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an Insured; or

        **(3)**  the bodily injury or property damage arises out of the furnishing by an Insured of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any nuclear facility, but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (3) applies only to property damage to such nuclear facility and any property thereat.

**MEIL 5409 09 10**                                                   **Page 1 of 2**

2.    As used in this endorsement:

"hazardous properties" include radioactive, toxic or explosive properties;

"nuclear material" means source material, special nuclear material or by-product material;

"source material", "special nuclear material", and "by-product material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

"spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a nuclear reactor;

"waste" means any waste material (1) containing by-product material and (2) resulting from the operation by any person or organization of any nuclear facility within the definition of nuclear facility under paragraph (a) or (b) thereof;

"nuclear facility" means

(a)    any nuclear reactor,

(b)    any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing spent fuel, or (3) handling, processing or packaging waste,

(c)    any equipment or device used for the processing, fabricating or alloying of special nuclear material if at any time the total amount of such material in the custody of the Insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235.

(d)    any structure, basin, excavation, premises or place prepared or used for the storage or disposal of waste.

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations;

"nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

"property damage" includes all forms of radioactive contamination of property.



**PROFESSIONAL LIABILITY**
POLICY NUMBER: LA-300791

# Markel Insurance Company

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# FLORIDA AMENDATORY ENDORSEMENT

This endorsement modifies insurance provided under the following:

LAWYERS PROFESSIONAL LIABILITY INSURANCE COVERAGE FORM

**A. VIII. – AUTOMATIC EXTENDED REPORTING AND EXTENDED REPORTING OPTIONS, B. Extended Reporting Option** is amended to read as follows:

In the case of cancellation or nonrenewal of this policy by the **Named Insured** or the Company for any reason other than flat cancellation by the Company for nonpayment of premium or Deductible, or material misrepresentation by any **Insured** in the application for this policy, the **Named Insured** shall have the right to extend the time during which **Claims** can be reported for an additional premium of:

1. 100% of the full annual premium for this policy, by a period of twelve (12) months; or
2. 150% of the full annual premium for this policy, by a period of twenty-four (24) months; or
3. 185% of the full annual premium for this policy for thirty-six (36) months; or
4. 210% of the full annual premium for this policy, by a period of forty-eight (48) months; or
5. 225% of the full annual premium for this policy, by a period of sixty (60) months;

following the effective date of such cancellation or non-renewal in which to give written notice to the Company of **Claims** first made against the **Insured** during this Extended Reporting Period for any act, error, omission or **Personal Injury** in the rendering of or failure to render **Professional Services** occurring prior to the termination of the final **Policy Period,** subject to its terms, limitations, exclusions and conditions. This right shall terminate, however, unless written notice of such election together with the additional premium is received by the Company or its authorized agent from the **Named Insured** within thirty (30) days after the effective date of cancellation or nonrenewal.

The **Named Insured's** failure to remit any requisite Deductible within ten (10) days of receipt of such demand shall disqualify the **Named Insured** from being able to exercise the option to purchase an Extended Reporting Period endorsement.

**B. VIII. – AUTOMATIC EXTENDED REPORTING AND EXTENDED REPORTING OPTIONS, C. Termination of Any Extended Reporting Period Option** is amended to read as follows:

If purchased, an Extended Reporting Period shall be deemed non-cancellable and therefore, at its commencement, the entire premium shall be fully earned.  The Company shall not be liable to return to the **Insured** any portion of the premium for any Extended Reporting Period.

**MLP 1400-FL 04 12**                                                                                    **Page 1 of 3**

## C.  IX. – GENERAL CONDITIONS

Paragraph **H. Cancellation** is amended to read as follows:

This policy may be canceled by the **Named Insured** by surrender thereof to the Company or any of its authorized representatives or by mailing to the Company written notice stating the reason for cancellation and when thereafter the cancellation shall be effective.

The policy may be canceled by the Company by mailing to the **Named Insured** at the address shown in the policy written notice stating the reason for cancellation.

When the policy has been in effect ninety (90) days or less, the Company may cancel the policy stating when not less than:

1.  ten (10) days thereafter such cancellation is effective if the Company cancels the policy for nonpayment of premium; or

2.  twenty (20) days thereafter such cancellation is effective if the Company cancels the policy for any other reason, except the Company may cancel the policy immediately for:
    a.  a material misstatement or misrepresentation; or
    b.  a failure to comply with the underwriting requirements established by the Company.

When the policy has been in effect more than ninety (90) days, the Company may cancel the policy stating when not less than:

1.  ten (10) days thereafter such cancellation is effective if the Company cancels the policy for nonpayment of premium; or

2.  sixty (60) days thereafter such cancellation is effective if the Company cancels the policy for any of the following reasons:
    a.  a material misstatement;
    b.  a failure to comply with underwriting requirements established by the Company within ninety (90) days of the effective date of this policy;
    c.  a substantial change in the risk covered by this policy; or
    d.  the cancellation is for all insureds under such policies for a given class of insureds.

The mailing of notice as aforesaid shall be sufficient proof of notice.  The time of the surrender or the effective date and hour of cancellation stated in the notice shall become the end of the **Policy Period**.  Delivery of such written notice, either by the **Named Insured** or by the Company shall be equivalent to such mailing.

If either the **Named Insured** or the Company cancels, earned premium shall be the pro-rated amount of the annual premium.  Premium adjustment will be made at the time cancellation is effected and, if not then made, shall be mailed within fifteen (15) working days after cancellation becomes effective.

The Company's check or the check of its representative mailed as aforesaid shall be sufficient tender of any refund or premium due to the **Named Insured**, provided that if at the time of cancellation the policy limit for the indemnity period involved has been exhausted, the entire premium shall be considered earned.

Paragraph **I. Nonrenewal** is amended to read as follows:

The Company may nonrenew this policy by mailing or delivering to the **Named Insured** at the address stated in the Declarations Page written notice of nonrenewal, stating the reason for nonrenewal, at least sixty (60) days before the expiration date of this policy.  The offer of renewal policy terms, conditions, or premium amount different than those in effect prior to renewal does not constitute nonrenewal.

Paragraph **P. Contact Information** is added:

**P.   Contact Information**
If any **Insured** has questions or needs assistance in obtaining information about this policy, including help resolving a complaint regarding this policy, the Company may be reached at: 1-(800) 963-7739.


All other terms and conditions remain unchanged.



**PROFESSIONAL LIABILITY**

# MARKEL INSURANCE COMPANY

## LAWYERS PROFESSIONAL LIABILITY INSURANCE POLICY

**THIS IS A CLAIMS MADE AND REPORTED POLICY. PLEASE REVIEW THE POLICY CAREFULLY.**

THE POLICY IS LIMITED TO LIABILITY FOR ONLY THOSE CLAIMS THAT ARE FIRST MADE AGAINST THE INSURED DURING THE POLICY PERIOD AND FIRST REPORTED TO THE COMPANY DURING THE POLICY PERIOD OR THE AUTOMATIC EXTENDED REPORTING PERIOD, UNLESS, AND TO THE EXTENT, THE EXTENDED REPORTING PERIOD OPTION APPLIES.

MARKEL INSURANCE COMPANY, hereinafter called the Company, agrees with the Named Insured as shown in the Declarations which are made a part of this policy; in consideration of the payment of the premium, and in reliance upon the statements on the application and the Declarations Page and subject to the Limit of Liability, exclusions, conditions and other terms of this policy, as follows:

### INSURING AGREEMENTS

| SECTION I - COVERAGE |
| --- |

The Company will pay on behalf of the **Insured** all sums which the **Insured** shall become legally obligated to pay as **Damages** for **Claims** first made against the **Insured** during the **Policy Period** and first reported to the Company during the **Policy Period** or any applicable extended reporting period, arising out of any act, error, omission or **Personal Injury** in the rendering of or failure to render **Professional Services** by an **Insured** or any entity or individual for whom the **Named Insured** is legally liable; provided always that such act, error, omission or **Personal Injury** happens:

**A.** during the **Policy Period;** or

**B.** prior to the **Policy Period** provided that:
    **1.** such act, error, omission or **Personal Injury** happened on or after the **Retroactive Date** as indicated on the Declarations Page of this policy; and
    **2.** at the inception of this policy no **Insured** had any reasonable basis to believe that any **Insured** had breached a professional duty nor any reasonable basis to believe an act, error, omission or **Personal Injury** might be expected to result in such **Claim** or **Suit**.

The Company shall have the right and duty to defend any **Suit** against the **Insured** seeking **Damages** to which this insurance applies even if any of the allegations of the **Suit** are groundless, false or fraudulent. However, the Company shall have no duty to defend the **Insured** against any **Suit** seeking **Damages** to which this insurance does not apply. For covered **Claims**, the Company, at its option, shall select and assign defense counsel; however, the **Insured** may engage additional counsel, solely at their own expense, to associate in the defense of any covered **Claim**. The **Insured** shall not assume any liability, any obligations, incur any costs, charges, or expenses or enter into any settlement without the Company's written consent.

The Company shall also have the sole right to investigate any **Claim** and negotiate the settlement, as it deems expedient. The Company shall not settle any **Claim** without the prior written consent of the **Named Insured**. In situations where the Company recommends the settlement of any claim but the **Named Insured** refuses to consent to such settlement recommended by the Company, and elects to contest the **Claim** or continue any legal

proceedings in connection with such **Claim** then the liability of the Company for **Damages** and **Claims Expenses** shall not exceed the amount for which the **Claim** could have been settled, as well as the **Claims Expenses** incurred by the Company or with the Company's consent up to the date of such refusal.

**Claims Expenses** shall be part of, and not in addition to, the Limit of Liability specified in Item 3. of the Declarations Page.

In no event shall the Company be obligated to pay **Damages** or **Claims Expenses** or to defend, or continue to defend, any **Suit** after the applicable limit of the Company's liability has been exhausted by payments of **Damages** or **Claims Expenses.**

---

## SECTION II - PERSONS INSURED

Each of the following is an **Insured** under this policy to the extent set forth below:

**A.** The entity or person named in Item 1. of the Declarations Page as the **Named Insured**;

**B.** Any **Predecessor in Business** or **Successor in Business**;

**C.** Any past or present partners, officers, directors, stockholders, members, managing members or employees of any person or entity specified in Item A. or B. above, but only while acting within the scope of their duties on behalf of such person or entity;

**D.** Any non-affiliated person, but solely for **Professional Services** performed within the course and scope of their written contract with, and on behalf of, the **Named Insured**, **Predecessor in Business** or **Successor in Business;**

**E.** The estate, heirs, executors, administrators and legal representatives of any **Insured** in the event of such **Insured's** death, incapacity, insolvency or bankruptcy, but only to the extent that such **Insured** would otherwise be provided coverage under this policy;

**F.** Retained Of Counsel, but solely for **Professional Services** performed within the scope of their employment by the **Named Insured** or any **Predecessor in Business**.

In all events, coverage is afforded with respect to a **Claim** made against an **Insured** as specified in Items A. through F. above, will only apply to an act, error, or omission or **Personal Injury** committed or allegedly committed by such **Insured** after such **Insured** joined the entity specified in Item A. or B. above and prior to the time such **Insured** ceased to be an **Insured** as specified in Items A. through F. above.

---

## SECTION III - LIMIT OF LIABILITY AND DEDUCTIBLE

Regardless of the number of **Insureds** covered under this policy or the number of claimants or the number of **Claims** made, the Company's liability is limited as follows:

**A.** The Limit of Liability stated on the Declarations Page as applicable to "each **Claim**" is the limit of the Company's liability for all **Damages** and **Claims Expenses** for each **Claim** covered. All **Claims** arising from the same or related acts, errors or omissions or **Personal Injury** shall be considered a single **Claim** for the purpose of this insurance and shall be subject to the same Limit of Liability, with all such **Claims** to be considered as first made at the earliest of the date the first **Claim** was made or the date the act, error, or omission or **Personal Injury** was first reported to the Company.

The Limit of Liability stated on the Declarations Page as "aggregate" is, subject to the above provision respecting "each **Claim**", the total limit of the Company's liability under this policy for all **Damages** and **Claims Expenses.**

The Company's liability for **Damages** and **Claims Expenses,** as applicable, resulting from "each **Claim**" is in excess of the Deductible amount stated on the Declarations Page.

B.   The total amount of **Damages** or **Claims Expenses** for which the **Insured** will be responsible as respects each **Claim** first made during the **Policy Period** shall be the Deductible amount stated in Item 4. of the Declarations Page.

The **Named Insured** shall remit the Deductible within ten (10) days of the Company's written demand. Failure of the **Named Insured** to remit the Deductible within ten (10) days of receipt of such demand shall disqualify the **Named Insured** from being able to exercise the option to purchase an Extended Reporting Period endorsement and will be grounds for non renewal of the policy.

C.   The Limit of Liability of any Extended Reporting Period shall be part of and not increase the Limit of Liability stated on the Declarations Page.

## SECTION IV - POLICY PERIOD, TERRITORY

The insurance afforded by this policy applies to **Claims** which are first made against the **Insured** during the **Policy Period** and first reported to the Company during the **Policy Period** or any applicable extended reporting period if the **Claim** is made or **Suit,** if any, is brought within the United States of America, its territories, possessions, Puerto Rico or Canada.

## SECTION V - WHEN TO REPORT A CLAIM

Written notice shall be given to the Company when the **Insured** first becomes aware of the following:

A.   A **Claim** made against an **Insured**, a lawsuit, or any kind of legal proceeding first asserting a **Claim** which has been made against an **Insured**; or

B.   Any event or circumstance which could reasonably be expected to result in a **Claim** against an **Insured**; and shall immediately forward to the Company copies of any and all demand letters, legal pleadings and other information relative to Items A. and B. above.

## SECTION VI - EXCLUSIONS

This insurance does not apply to **Claims:**

A.   Arising out of an illegal, dishonest, fraudulent, criminal, knowingly wrongful, or malicious act, error or omission, or an intentional or knowing violation of the law, including but not limited to the Racketeer Influenced and Corrupt Organizations Act (commonly known as RICO), committed by, at the direction of, or with the knowledge of any **Insured**; however, for such **Claims** otherwise covered by this policy, the Company will provide a defense until such time as the act, error, or omission is found to be illegal, dishonest, fraudulent, criminal, malicious, or was an intentional or knowing violation of the law by trial, court ruling, regulatory ruling; or admission;

B.   Based on or arising out of the rendering of or failure to render **Professional Services** by any **Insured** in their capacity as an employee, owner, partner, stockholder, director or officer of any sole proprietorship, partnership or corporation or other business enterprise which is not defined as **Named Insured, Predecessor in Business** or **Successor in Business**;

C.   Arising out of:
   1.   **Bodily Injury,** sickness, disease or death of any person; or
   2.   Physical injury, damage to or destruction of or loss of use of tangible property;

This exclusion does not apply to mental illness, emotional distress or humiliation which results solely from **Professional Services;**

D.   Based on or arising out of any obligations for which an **Insured** or any carrier acting as his insurer may be liable under any workers' compensation, unemployment compensation, disability, retirement plan, pension or pension benefits law, or any similar laws, including but not limited to, the Employee Retirement Income Security Act of 1974, Public Law 93-406 (ERISA), or any of its amendments, or any other similar state or local law, or any non-qualified plan, while any **Insured** is acting as a fiduciary within the meaning of said laws. This

exclusion shall not apply if an **insured** is deemed to be a fiduciary solely on the basis of rendering legal advice with respect to a particular employee benefit plan;

**E.** Based on or caused by any **Insured** acting in the capacity of trustee or administrator of any kind of an employee benefit plan, pension, retirement, or profit sharing plan, or investment pool, fund or trust;

**F.** Based on or arising out of **Professional Services** performed for any entity, other than the **Named Insured**, which at the time of the act, error or omission or **Personal Injury** giving rise to the **Claim**, was owned, controlled, managed or operated by any **Insured**. This exclusion shall not apply if at the time the **Professional Services** were rendered, the percentage of ownership in the entity, other than the **Named Insured**, by any **Insured**, their spouse, or a cumulation of **Insureds**, did not exceed 10%;

**G.** Seeking restitution, reduction, disgorgement, set off, return, or payment of any form of legal fees, related fees, or any other costs, expenses, or charges;

**H.** Made by an **Insured** against any other **Insured**;

**I.** Based on or arising out of the alleged notarized certification or acknowledgement by any **Insured** of a signature on any document that the **Insured** did not witness being placed on the document;

**J.** Based on or arising out of an **Insured** acting or serving as an elected or appointed public official or employee of any governmental agency, body or subdivision. However, this exclusion shall not apply to any **Claim** made by the **Insured's** client which arises solely and exclusively from the performance of **Professional Services** by an **Insured** to the governmental agency, body or subdivision;

**K.** Solely based on actual or alleged sexual misconduct or sexual harassment.

---

**SECTION VII - DEFINITIONS**

---

When used in this policy (including endorsements forming a part of the policy), words in bold type have the following meanings:

**A. Alternative Dispute Resolution** means the use of mediation or non-binding arbitration proceedings in which the **Insured** participates with the written consent of the Company.

**B. Bodily Injury** means bodily harm, sickness, disease, emotional distress resulting in physical manifestation or death that results to any person.

**C. Claim** means a demand for money, the filing of **Suit** or the institution of **Alternate Dispute Resolution** naming the **Insured** and alleging an act, error, omission or **Personal Injury** resulting from the rendering of or failure to render **Professional Services.**

**Claim** also means knowledge by an **Insured** of any event or circumstance which could reasonably be expected to result in or lead to a **Claim** being asserted against an **Insured**, provided that the **Insured** gives the Company written notice of such event or circumstance prior to the termination date of the **Policy Period,** or within thirty (30) days thereafter, or during the Extended Reporting Period, if applicable.

**Claim** does not include proceedings seeking injunctive or other non-pecuniary relief or that portion of a proceeding seeking monetary relief that seeks injunctive or other non-pecuniary relief.

**D. Claims Expenses** means:
   1. Fees charged by an attorney(s), arbitrators or mediators designated by the Company and all other fees, costs, and expenses resulting from the investigation, adjustment, defense and appeal of a **Claim**, **Suit** or proceeding arising in connection therewith, if incurred by the Company, or by an **Insured** with written consent of the Company, but does not include salary charges or expenses of regular employees or officials of the Company, or fees and expenses of independent adjusters;
   2. All costs taxed against an **Insured** in such **Suits**, and all interest on the entire amount of any judgment which accrues after entry of the judgment and before the Company has paid, tendered or deposited,

whether in court or otherwise, the part of the judgment which does not exceed the limit of the Company's liability;

3.  Prejudgment interest which, when payable under this policy, will not exceed the limits of liability stated on the Declarations Page; or

4.  Premiums on appeal bonds and premiums on bonds to release attachments in such **Suits**, but not premiums for bond amounts in excess of the applicable Limit of Liability of this policy.  Notwithstanding the foregoing, the Company shall have no obligation to pay for or furnish any bond.

E.  **Damages** means compensatory judgments, settlements or awards, but does not include punitive or exemplary damages, fines or penalties, sanctions, the return of fees or other consideration paid to the **Insured,** or that portion of any award or judgment caused by the trebling or multiplication of actual **damages** under federal or state law.  **Damages** does not include matters uninsurable in the jurisdiction governing this policy.

However, if a **Suit** is brought against an **Insured** with respect to a **Claim** for alleged acts, errors or omissions falling within the scope of coverage afforded by this policy, and such **Suit** seeks both compensatory and punitive or exemplary damages, then the Company will afford a defense to such action without liability for payment of such punitive or exemplary damages.

F.  **Insured** means any person or organization qualifying as an **Insured** under SECTION II – PERSONS INSURED, of this policy. The insurance afforded applies separately to each **Insured** against whom a **Claim** is made or **Suit** is brought except with respect to the limit of the Company's liability.

G.  **Named Insured** means the person or organization named in Item 1. of the Declarations Page.

H.  **Personal Injury** means:
1.  false arrest, detention or imprisonment, wrongful entry or eviction, other invasion of private occupancy, or malicious prosecution; or
2.  the publication or utterance of a libel, slander or other defamatory or disparaging material, or a publication or an utterance in violation of an individual's right of privacy.

I.  **Policy Period** means the period from the inception date of this policy to the policy expiration date as set forth on the Declarations Page, or its earlier termination date, if applicable.

J.  **Predecessor in Business** means any law firm which has undergone dissolution and:
1.  some or all of such firm's principals, owners, officers or partners have joined the **Named Insured**, provided such persons were responsible for producing in excess of 50% of the prior firm's annual gross revenues and such billings have been assigned or transferred to the **Named Insured**; or
2.  at least 50% of the principals, owners, partners or officers of the prior firm have joined the **Named Insured**; or
3.  The **Insured** has assumed 50% or greater of the prior firm's assets and liabilities.

K.  **Professional Services** means:
1.  services performed or advice given by the **Insured** in the **Insured's** practice as a lawyer, arbitrator, mediator, or title agent;
2.  services as a notary public;
3.  services as a trustee, administrator, conservator, executor, guardian, receiver or in a similar fiduciary capacity except when any **Insured** is a beneficiary or distributee of any trust or estate serviced and the fee accruing from such work inures to the benefit of any **Insured**;
4.  advice given or services performed in connection with any professional institute or any standards board or any other professional body whether or not it is performed on behalf of the **Insured** firm; or
5.  services performed by the **Insured** in the course of an attorney-client relationship on behalf of one or more clients shall be deemed for the purpose of this section to be the performance of **Professional Services** for others in the **Insured's** capacity as an attorney, although such services could be performed wholly or in part by non-attorneys.

Coverage for the above listed **Professional Services** shall also apply to **Claims** resulting from legal pro bono work, subject to the conditions and terms of this policy.

L. **Retroactive Date** means the **Retroactive Date** as shown in the Declarations Page, or any endorsement attached hereto, on or after which any act, error or omission or **Personal Injury** must have occurred in order for any **Claim** arising therefrom to be covered under this policy.

M. **Successor in Business** means, after dissolution of the **Named Insured,** any firm in which:
   1. some or all of the principals, owners, officers or partners of the **Named Insured** have joined an existing, or formed a new firm, provided such persons were responsible for producing more than 50% of the **Named Insured's** annual gross revenues at the time of dissolution and such revenues have been assigned or transferred to the successor firm; or
   2. at least 50% of the principals, owners, partners or officers of the **Named Insured** have joined an existing, or formed a new firm; or
   3. at least 50% of the assets and liabilities of the **Named Insured** have been assumed.

   However, this policy does not apply if the **Successor in Business** is also an **Insured** under any similar insurance policy issued by the Company, regardless of such policy's exhaustion of its limits of liability.  This coverage shall terminate at the earlier of policy termination or thirty (30) days from the date of dissolution of the **Named Insured** unless written notice is given to the Company, together with such information as the Company may request, and the **Successor in Business** shall pay any additional premium required in the event the Company agrees to continue the policy.

N. **Suit** means a civil adjudicatory proceeding in a court of law.

---

| **SECTION VIII - AUTOMATIC EXTENDED REPORTING and EXTENDED REPORTING OPTIONS** |
| --- |

A. **Automatic Extended Reporting Period:**

   In case of cancellation or non-renewal of this policy by the **Named Insured** or the Company, for any reason, an automatic thirty (30) extended reporting period, effective at the termination of the **Policy Period,** will be provided by the Company at no additional cost. This Automatic Extended Reporting Period shall extend the time in which an **Insured** can give written notice to the Company of **Claims** first made against the **Insured** during this Automatic Extended Reporting Period for any act, error, omission or **Personal Injury** in the rendering of or failure to render **Professional Services** which happen prior to the termination of the **Policy Period,** subject to its terms, limitations, exclusions and conditions.

B. **Extended Reporting Period Option:**

   In the case of cancellation or nonrenewal of this policy by the **Named Insured** or the Company for any reason other than flat cancellation by the Company for nonpayment of premium or Deductible, or material misrepresentation by any **Insured** in the application for this policy, the **Named Insured** shall have the right to extend the time during which **Claims** can be reported for an additional premium of:

   1. 100% of the full annual premium for this policy, by a period of twelve (12) months; or
   2. 150% of the full annual premium for this policy, by a period of twenty-four (24) months; or
   3. 185% of the full annual premium for this policy for thirty-six (36) months; or
   4. 210% of the full annual premium for this policy, by a period of forty-eight (48) months; or
   5. 225% of the full annual premium for this policy, by a period of sixty (60) months;

   following the effective date of such cancellation or non-renewal in which to give written notice to the Company of **Claims** first made against the **Insured** during this Extended Reporting Period for any act, error, omission or **Personal Injury** in the rendering of or failure to render **Professional Services** occurring prior to the termination of the final **Policy Period,** subject to its terms, limitations, exclusions and conditions. This right shall terminate, however, unless written notice of such election together with the additional premium is received by the Company or its authorized agent from the **Named Insured** within thirty (30) days after the effective date of cancellation or nonrenewal.

   The **Named Insured's** failure to remit any requisite Deductible within ten (10) days of receipt of such demand shall disqualify the **Named Insured** from being able to exercise the option to purchase an Extended Reporting Period endorsement.

**C.   Termination of Any Extended Reporting Period Option:**

At the commencement of any Extended Reporting Period, the entire premium shall be deemed earned and the Company shall not be liable to return to the **Insured** any portion of the premium for any Extended Reporting Period.

**D.   Miscellaneous**

The fact that the period during which **Claims** must be first made against the **Insured** under this policy is extended by virtue of any Extended Reporting Period shall not in any way increase the Limit of Liability of this policy. The Limit of Liability available under any Extended Reporting Period shall be part of, and not in addition to, the Limit of Liability available under the last policy issued to the **Named Insured.** Any Extended Reporting Period shall not extend the **Policy Period.** Furthermore, the Automatic Extended Reporting Period does not extend the time to purchase the Extended Reporting Period Option.  The Deductible amount shown in Item 4. of the Declarations Page shall apply to any Extended Reporting Period.

| SECTION IX - GENERAL CONDITIONS |
|:---:|

**A.   Premium**

All premiums for this policy shall be computed in accordance with the Company's rules, rates, rating plans, premiums and minimum premiums applicable to this insurance. The **Named Insured** shall maintain records of the information necessary for premium computation and shall send copies of such records to the Company at such times as the Company may direct.

**B.   Assistance and Cooperation of Insured**

All **Insureds** shall fully cooperate in the Company's investigation of any matter tendered under the policy, including submitting to a statement under oath when requested by the Company and shall fully cooperate with the Company in the defense of any claim made under this policy.  Upon the Company's request, all **Insureds** shall assist in making settlements, in the conduct of **Suits** and in enforcing any right of contribution, subrogation or indemnity against any person, organization or other insurer which may be liable to the **Insured** or the Company for **Damages** or **Claim Expenses. The Insured** shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses. No **Insured** shall, except at the **Insured's** own cost, voluntarily make any payments, assume any obligation or incur any expense. The **Insured** may provide for **Alternative Dispute Resolution** with a client under an engagement letter or any other written contract as long as such agreement is executed in writing prior to any **Claim** or potential **Claim.**

The **Insured** will consent to the submission of special verdict forms or other written inquiries to the trier of fact for the purpose of determining the basis for the **Insured's** liability and any **Damages** awarded if **Suit** or any other proceeding is brought on the **Claim.**

**C.   Assignment**

This policy may not be assigned without first obtaining the written consent of the Company.  No **Insured's** rights under this policy are assignable. If any **Insured** shall die or be adjudged incompetent, this insurance shall terminate for such person, but shall cover the **Insured's** legal representative with respect to liability previously incurred and covered by this insurance.

**D.   Legal Action Against The Company**

No action shall lie against the Company unless there shall have been full compliance with all of the terms and conditions of this policy, nor until the amount of the **Insured's** obligation to pay shall have been finally determined, either by judgment against the **Insured** or by written settlement agreement between the **Insured** and the claimant, entered into with the written consent of the Company.

Nothing contained in this policy shall give any person or organization any right to join the Company as a co-defendant in any action against the **Insured** to determine the **Insured's** liability. Bankruptcy or insolvency of the **Insured** or of the **Insured's** estate shall not relieve the Company of any of its obligations hereunder.

The Company will not be liable for **Damages** that are not payable under the terms of this Policy or that are in excess of the applicable limit of insurance.

E.  **Conformity to Statute**

In the event that any terms, conditions or exclusions of this policy conflict with any law applicable to the coverage afforded hereunder, the terms of this contract shall, by this statement, be amended to conform to such law or laws.

F.  **Other Insurance**

If there is other valid insurance (whether primary, excess, contingent or qualified self-insurance, including Extended Reporting Period coverage in the **Insured's** previous insurance) which may apply to a **Claim** covered by this policy, the insurance provided hereunder shall be deemed excess insurance over and above the applicable limit of all other insurance or qualified self-insurance.

When this insurance is excess, the Company shall have no duty under this policy to defend any **Claim** or **Suit** that any other insurer or qualified self-insurer has a duty to defend.  If such other insurer or self-insurer refuses to defend such **Claim** or **Suit**, the Company shall be entitled to the **Insured's** rights against all other insurers or qualified self-insurers for any **Claims Expenses** and **Damages** incurred by the Company.

If a loss occurs involving two or more policies, each of which provides that its insurance shall be excess, each will contribute pro rata.

G.  **Subrogation**

To the extent of any payment under this policy, the Company shall be subrogated to all the **Insured's** rights of recovery against any person, organization or entity, and all **Insureds** shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights.  The **Insured** shall do nothing after any loss to prejudice or terminate such rights and shall fully cooperate with the Company.  The Company shall not exercise any such rights against any persons, firms or companies included in the definition of **Insured**.  Notwithstanding the foregoing, however, the Company reserves the right to exercise any rights of subrogation against an **Insured** in respect of any **Claim** brought about or contributed to by any dishonest, criminal, fraudulent, malicious or illegal acts or omissions.

H.  **Cancellation**

This policy may be canceled by the **Named Insured** by surrender thereof to the Company or any of its authorized representatives or by mailing to the Company written notice stating when thereafter the cancellation shall be effective.

The policy may be canceled by the Company by mailing to the **Named Insured** at the address shown in the policy written notice stating when not less than sixty (60) days thereafter, or ten (10) days in the case of nonpayment of premium or deductible, such cancellation shall be effective.  The mailing of notice as aforesaid shall be sufficient proof of notice.  The time of the surrender or the effective date and hour of cancellation stated in the notice shall become the end of the **Policy Period**.  Delivery of such written notice either by the **Named Insured** or by the Company shall be equivalent to such mailing.

If either the **Named Insured** or the Company cancels, earned premium shall be the pro rated amount of the annual premium.  Premium adjustment may be made at the time cancellation is effected and, if not then made, shall be made as soon as practicable after cancellation becomes effective.  The Company's check or the check of its representative mailed as aforesaid shall be sufficient tender of any refund or premium due to the **Named Insured**, provided that if at the time of cancellation the policy limit for the indemnity period involved has been exhausted, the entire premium shall be considered earned.

I.  **Nonrenewal**

The Company may nonrenew this policy by mailing or delivering to the **Named Insured** at the address stated in the Declarations Page written notice of nonrenewal at least sixty (60) days before the expiration date of this policy.  The offer of renewal policy terms, conditions, or premium amount different than those in effect prior to renewal does not constitute nonrenewal.

J.  **Changes**

The terms of this policy shall not be waived or changed except by endorsement issued to form a part of this policy.

**K. Bankruptcy or Insolvency of Insured**

Bankruptcy or insolvency of the **Insured** or of the **Insured's** estate shall not relieve the Company of any of its obligations under this policy.

**L. Deductible**

The **Insured's** obligation to pay the Deductible amount as a result of any single **Claim** shall not exceed the amount stated on the Declarations Page as Deductible for "each **Claim**". The Company's obligation to pay **Damages** and **Claims Expenses** on behalf of the **Insured** resulting from a **Claim** is in excess of the Deductible amount stated as "each **Claim**" on the Declarations Page.

**M. Declarations and Application**

By acceptance of this policy, all **Insureds** agree that the statements in the application are the **Insureds'** agreements and representations, that they shall be deemed material, that this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between the **Insureds** and the Company relating to this insurance. The application, which is deemed attached, forms part of and is incorporated within the policy issued to the **Insured**.

**N. Reimbursement**

While the Company has no duty to do so, if the Company pays **Damages** or **Claims Expenses:**

1.   Within the amount of the applicable Deductible; or
2.   In excess of the applicable Limit of Liability; or
3.   Under a reservation of rights to seek reimbursement,

and it is determined that the Company is entitled to reimbursement, all **Insureds** shall be jointly and severally liable to the Company for such amounts. Upon written demand, the **Insured** shall repay such amounts to the Company within thirty (30) days. Failure to pay any amount indicated may lead to policy termination.

**O. Notice**

Immediately upon any **Insured** becoming aware of any act, error, omission or **Personal Injury** in the rendering of or failure to render **Professional Services** which could reasonably be expected to be the basis of a **Claim**, written notice shall be given by the **Insured**, or its representatives, to the Company, together with the fullest information obtainable. If **Claim** is made or **Suit** is brought against any **Insured**, the **Insured** or its representatives shall immediately forward to the Company every demand, notice, summons or other process received by the **Insured** or the **Insured's** representative.

IN WITNESS WHEREOF, the Company has caused this policy to be signed by its President and Secretary and countersigned where required by law on the Declarations page by its duly authorized representative.

President

Secretary

MLP 0001 (SP) 02 11