UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:14-cv-21136-KMM

MARKEL INSURANCE COMPANY,

    Plaintiff,

v.

ALTERS LAW FIRM, P.A. and JEREMY ALTERS,

    Defendants.

_____/

## DEFENDANTS, ALTERS LAW FIRM, P.A. and JEREMY ALTERS, JOINT ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendants, Alters Law Firm, P.A. and Jeremy Alters (collectively "Alters"), by its undersigned attorneys, for its Answer and Affirmative Defenses to the Complaint of Plaintiff, Markel Insurance Company ("MIC"), responds as follows:

1. Defendants admit that this is an action for declaratory relief and rescission brought pursuant to 28 U.S.C. §§2201. Defendants deny the remaining allegations.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted, except denied that the demand has any merit.

7. Admitted.

2889.010/00164630.WPD-

8.  Admitted.

9.  Defendants admit that on July 8, 2010, the United States District Court entered an order directing ALTERS, on behalf of Villoldo, to demonstrate jurisdiction under the FSIA.  Defendants deny the remaining allegations.  Defendants further state that MIC has completely misapprehended the reason why the case was voluntarily dismissed.

10. Defendants admit that the allegations of paragraph 10 is an abbreviated, but accurate summary of the claim of Villoldo.  Defendants deny that the claim has merit.

11. Admitted.

12. Admitted as to the contention of the parties, but denied that there is a real, bona fide controversy because MIC's position is without merit.

13. The first sentence is admitted.  The second sentence is admitted, except it is denied that MIC's position has any merit.  The third sentence is denied.

14. Denied that the Policy provisions recited are the "key" provisions for purposes of this lawsuit. The Policy speaks for itself.  The "key" document for purposes of this action is the application and its instructions.

15. Denied.

## COUNT I
## DECLARATORY JUDGMENT

16. Defendants reallege their responses to paragraphs 1 through 15.

17. Denied.

18. Admitted.

19. Defendants admit that the allegations of paragraph 19A through C accurately reflect the contentions of MIC, but deny that the contentions have merit. Defendants additionally deny the factual underpinnings of MIC's contentions.

## COUNT II
## RESCISSION

20. Defendants reallege their responses to paragraphs 1 through 15 and 17.

21. Admitted.

22. Admitted.

23. Denied.

24. Denied

25. Denied.

26. Without knowledge therefore denied.

27. Denied.

## FIRST AFFIRMATIVE DEFENSE

MIC has waived its right, if any, to deny coverage or rescind the Policy by, among other things, its unseasonable denial of coverage.

## SECOND AFFIRMATIVE DEFENSE

MIC has waived any right to deny coverage pursuant to Florida Statutes § 627.426 (2)(a), by failing to provide written notice of a reservation of rights to assert a coverage defense to ALTERS within 30 days after it knew or should have known of a coverage defense.

**THIRD AFFIRMATIVE DEFENSE**

MIC is estopped from denying coverage based upon Alters' failure to disclose the Villoldo matter because Alters reasonably relied on the instructions in the policy application in filling it out, which included instructions that required Alters to only disclose those situations that may "reasonably be expected to result in a claim." MIC knew that Alters would reasonably rely upon the application and its instructions. At the time the application for the Policy was filled out, Alters did not reasonably expect the Villoldo matter to turn into any adverse claim against the firm or any of its principals or employees. The application form and instructions were prepared entirely by MIC and must therefore be construed against it in the event of any ambiguity or confusion.

**FOURTH AFFIRMATIVE DEFENSE**

Alters reasonably relied on the plain language of the MIC's policy application in filling it out. That language included instructions that required Alters to only disclose those matters that may "reasonably be expected to result in a claim." MIC knew that Alters would reasonably rely upon the application and its instructions. At the time Alters filled out and submitted the application, Alters did not reasonably expect the Villoldo matter to turn into any adverse claim against the firm or any of its principals or employees. The application form and instructions were prepared entirely by MIC and must therefore be construed against it in the event of any ambiguity or confusion.

**FIFTH AFFIRMATIVE DEFENSE**

At all material times, Alters was represented by Law Firm A and its senior partner, Lawyer B, in substantial litigation matters. At the same time, Law Firm A and Lawyer B were also representing Villoldo in the Underlying Case, having taken the lead from Alters, with Alters remaining counsel of record. Lawyer B advised and urged Alters that once Alters resolved the fee issue with Villoldo the two – Lawyer B (through Law Firm A) and Alters – would continue to work together to collect on the Villoldo judgment as they had been.[1]

Law Firm A and Lawyer B could not have been simultaneously representing both Alters and Villoldo were there a conflict between them – in the form of a malpractice claim by Villoldo against Alters – where Lawyer B would be a material witness in the dispute and an advocate for Villoldo against Alters.[2] Accordingly, Alters had no reason to believe there was any issue of malpractice (in addition to its lack of knowledge of any malpractice). Thus, Alters had no duty to disclose anything relating to Villoldo on the policy application. Alters had a right to rely on their lawyer (Lawyer B) and, among other things, their understanding of the ethics rules relating to Lawyer B's joint representation of both Alters and Villoldo to

---

[1] Because neither Law Firm A nor Lawyer B are parties to this action Alters has elected, at this time, to not use their real names. Plaintiff, however, knows who they are by virtue of written and verbal communications between counsel for MIC and Alters and their identities will be further evident in discovery.

[2] In addition, Lawyer B told Alters to ignore strong language in some of his letters to Alters on behalf of Villoldo in connection with the charging lien that he, Lawyer B, had previously advised Alters to file. He advised that Alters need only resolve the charging lien issue and all would be good with Villoldo.

conclude there was no issue of malpractice with respect to Villoldo, especially where neither Law Firm A or Lawyer B ever sought a waiver of any kind from Alters or, to Alters' knowledge, Villoldo.

### SIXTH AFFIRMATIVE DEFENSE

The filing of a Notice of Charging Lien in the Underlying Case is not an action or lawsuit to collect an attorney's fee under Florida law.  Rather, it is a passive notice that may never ripen into anything of value.  Hence, a failure to disclose the Notice of Charging Lien on the policy application in response to a question asking whether Alters has filed suit for fees against a client in the past five (5) years was not a misrepresentation or omission. Disclosure of the Notice was not responsive to the question asked.  To be sure, Alters first filed a Motion to Enforce Lien in October 2013 – which would charitably be the first time any suit or legal claim was made to collect a fee from the client (Alters denies it is a suit for fees) – which was well after the MIC policy too effect.

### SEVENTH AFFIRMATIVE DEFENSE

Alters had no motive to misrepresent anything on the policy application because they currently had $10 million in insurance coverage from an insurer that elected to stop writing policies in South Florida for law firms, like Alters, that handled mass tort and class action cases.  That insurer, in fact, had offered to extend its policy up to three months to enable Alters to secure alternate insurance in order to provide continuity of coverage, as the termination was through no fault or action of Alters.  Had Alters, for a second, reasonably

believed or expected that the Villoldo matter would ripen into a claim for malpractice, it would have promptly so notified the predecessor insurer to MIC who would not be renewing its policy. As it turned out, Alters did not need the extra three months because MIC extended insurance coverage before the existing policy expired.

### EIGHTH AFFIRMATIVE DEFENSE

Alters legal work on behalf of Villoldo were of considerable value, as Villoldo settled the charging lien issue for a substantial sum of money paid to Alters.

### NINTH AFFIRMATIVE DEFENSE

Even if coverage is denied for the Underlying Claim, the policy should not, in equity, be rescinded, as it would leave Alters without insurance since August 23, 2013. Any alleged misrepresentation was inadvertent and unintentional.

### TENTH AFFIRMATIVE DEFENSE

To the extent of any inconsistency between [1] the language and instructions contained in MIC's application for insurance and [2] the language in the Policy itself with regard to disclosures and representations required of Alters, the language that is most favorable to Alters should be indulged as a matter of public policy, or the language and instructions in the application should trump the Policy because Alters did not receive the Policy until after the application was filled out and accepted by MIC.

### ATTORNEYS' FEES

Alters seeks an award of attorneys fees should they prevail pursuant to Florida

Statutes Section 627.428 (2013).

## DEMAND FOR TRIAL BY JURY

Alters demands trial by jury of all issues so triable as a matter of right.

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing has been served via electronic filing to: Jeffery Michael Cohen, Carlton Fields Jordan Burt, P.A., Attorney for Plaintiffs, 100 S.E. Second Street., Suite 4200, Miami, FL 33131, jmcohen@cfjblaw.com miaecf@cfdom.net  pwatson@cfjblaw.com  this 30th day of April, 2014.

        **YOUNG, BERMAN, KARPF & GONZALEZ, P.A.**
        Attorneys for Defendants
        1101 Brickell Ave., Ste. 1400 N
        Miami, Florida 33131
        Telephone: (305)377-2291
        Facsimile: (786)219-1980
        Email: aberman@ybkglaw.com
        Secondary email: mherrera@ybkglaw.com

        By: /s/Andrew S. Berman
         ANDREW S. BERMAN
         Florida Bar No.: 488259